Filed 11/16/21  P. v. Dennis CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>ANTHONY JAMES DENNIS,<br><br>        Defendant and Appellant. | C091574<br><br>(Super. Ct. No. 16FE015571) |

Appointed counsel for defendant Anthony James Dennis asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  The case was fully briefed on July 21, 2021.  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

In 2016, defendant, having previously been convicted of a felony, unlawfully possessed a firearm.  The People filed an information charging defendant with being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1))[1] and possession

---

[1]  Undesignated statutory references are to the Penal Code.

1

of ammunition (§ 30305, subd. (a)(1)).[2]  Defendant pleaded no contest to being a felon in possession of a firearm (§ 29800, subd. (a)(1)), and the trial court dismissed the remaining charge.  Pursuant to the negotiated plea, the trial court suspended imposition of sentence and placed defendant on probation for five years.

Subsequently, in case No. 19FE019440, defendant was charged with felony driving under the influence (Veh. Code, § 23152, subds. (a) & (b)), operating a vehicle without a required interlock device (Veh. Code, § 23247, subd. (e)), and driving on a suspended license (Veh. Code, § 14601.2, subd. (a)).  A jury acquitted defendant of the felony counts.  Defendant pleaded no contest to the misdemeanor counts of operating a vehicle without a required interlock device and driving on a suspended license, and admitted he had three prior convictions for driving without a license.  The People filed a petition alleging defendant had violated his probation by committing the two misdemeanor Vehicle Code violations.

The trial court found the violation of probation allegations true.[3]  The trial court permanently revoked probation and sentenced defendant to the upper term of three years in state prison, to be served consecutively with the terms imposed in case

---

[2]  These facts are taken from the factual basis of the plea entered in case No. 16FE015571.  Defendant recites facts from the trial of his felony counts in case No. 19FE019440.  Before trial on the felony counts, the parties stipulated to a factual basis on the misdemeanor counts of case No. 19FE019440 with no reference to any underlying documents or factual assertions.  Defendant did not appeal the judgment in that case.  Moreover, the jury acquitted defendant of the felony charges, and defendant pleaded to the misdemeanor counts which served as the basis for the probation violation finding; therefore, the facts of his felony offense are not relevant to this appeal and are not recounted here.

[3]  The court also found true probation violation allegations in case No. 17MI022766.  Defendant did not appeal the judgments in either that case or case No. 19FE019440.

Nos. 19FE019440 and 17MI022766. The trial court awarded defendant 446 days of presentence credit.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

/S/
MAURO, J.

We concur:

/S/
BLEASE, Acting P. J.

/S/
RENNER, J.